IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ZAKEIYA JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 2:21-cv-17-ECM |
| | ) | (WO) |
| MAR-MAL, INC., doing business as | ) | |
| MCDONALD'S INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION and ORDER

Now pending before the Court is the Defendant's Motion to Transfer Venue (doc. 11) filed on February 16, 2021. The Plaintiff, Zakeiya Jones ("Jones"), a former employee of Defendant Mar-Mal, Inc., d/b/a McDonald's Inc. ("Mar-Mal"), claims that Mar-Mal discriminated against her due to her sex and pregnancy. For the reasons stated, the Defendant's Motion to Change Venue is due to be GRANTED.

## JURISDICTION AND VENUE

The Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and the jurisdictional grant found in 42 U.S.C. § 2000e-5(f)(3). Personal jurisdiction and venue are uncontested, and the Court concludes that venue properly lies in the Middle District of Alabama. *See* 28 U.S.C. § 1391.

## DISCUSSION

The parties do not dispute that venue is proper in the Middle District of Alabama. Jones asserts that, pursuant to Title VII's statewide venue provision, venue is proper in the

1

Middle District, Northern Division.  *See* 42 U.S.C. § 2000e-5(f)(3).  Mar-Mal, on the other hand, contends that the lawsuit should have been filed in the Eastern Division of the Middle District.

The dispute in this case centers around the appropriate division within the Middle District.  Notably, both § 1391(b) and § 2000e-5(f)(3) refer to judicial districts; neither reference divisional districts.  "Although at one time there was 'divisional venue (governed by former 28 U.S.C. § 1393), "[w]hen 28 U.S.C. § 1393 was repealed effective February 17, 1989 by Public Law 100–702, the concept of divisional venue disappeared." *Young v. Maitake, Inc.*, No. 2016 WL 3878504, *1 (N.D. Ala. 2016) (quoting *King v. CVS Caremark Corp.*, 2012 WL 3029909, *2 (N.D. Ala. 2012).  This Court has no local divisional rule governing venue.  *See Callwood v. Phenix City, Ala.*, 2016 WL 1122681, *2 (M.D. Ala. 2016).  Thus, the Court must consider whether transfer to the Eastern Division is appropriate pursuant to 28 U.S.C. § 1404(a).

28 U.S.C. § 1404(a) provides, in pertinent part, that "[f]or the convenience of the parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The burden is on the Defendant to establish (1) that the action originally could have been brought in the Eastern Division and (2) that the litigating in the suggested forum is more convenient and would serve the interest of justice.  *Id.*

There is no dispute that Jones could have properly brought suit in the Eastern Division of the Middle District.  Thus, the Court turns to whether Mar-Mal has

demonstrated that the suggested forum is more convenient and serves the interest of justice. The Court considers a variety of case-specific factors such as

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) [the suggested] forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005); *see also Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (holding that a motion to transfer venue requires the court to "balance a number of case-specific factors" in an "individualized, case by-case consideration of convenience and fairness" (citation and internal quotation marks omitted)).

It is undisputed that the locus of operative facts, if not all the facts, giving rise to Jones' claims occurred in the Eastern Division. The employment actions and practices that form the basis of Jones' complaint occurred in the Eastern Division. Litigation in the Eastern Division will provide greater access to the relevant evidence, such as Jones' employment and medical records, and any relevant documents in Mar-Mal's possession, all or most of which will undoubtably be located at Mar-Mal's principal office located in the Eastern Division. Witnesses will be located in Lee County, Alabama, which is in the Eastern Division. *See Manuel*, 430 F.3d at 1135 n.1 (holding that "the convenience of the witnesses" is a key factor in considering a motion to change venue). Jones asserts that the courthouse in the Northern Division in Montgomery, Alabama is fifty-five miles from

3

Auburn, and not far enough to overweigh her choice of forum. The Plaintiff does not dispute that many witnesses are located in the Eastern Division. Undoubtedly litigating in the Eastern Division will be more convenient for them. In fact, on the record before the Court, there is no indication that any relevant documents, evidence, or witnesses will be located in the Northern Division of the Middle District of Alabama.

The other facts are neutral against a transfer. The availability of process to compel the attendance of unwilling witnesses, and Court's familiarity with the law are not affected by the transfer to the Eastern Division. The relative means of the parties weighs in neither party's favor. Trial efficiency weighs in favor of transferring to the Eastern Division.

Usually, the Court accords "considerable deference" to the Plaintiff's choice of forum and the burden is on the Defendant to "establish that the suggested forum is more convenient." *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). However, where, as here, "the operative facts underlying the cause of action did not occur within the forum chosen by the Plaintiff, the choice of forum is entitled to less consideration." *Moore v. Baker*, 2018 WL 3421601, *4 (M.D. Ala. 2018) (quoting *Gould v. Nat'l Life Ins. Co.*, 990 F. Supp. 1354, 1358 (M.D. Ala.1998)). Moreover, "when the plaintiff's choice is not [her] home forum, the presumption in the plaintiff's favor applies with less force, for the assumption that the chosen forum is appropriate is then less reasonable." *Sinochem Int'l. Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) (internal quotations omitted). The Eastern Division is Jones' home forum, not the Northern Division. Thus, her choice of forum is entitled to less deference.

It is within the discretion of the Court to transfer this case from the Northern Division to the Eastern Division.  *See Brown v. Conn. Gen. Life Ins.* Co., 934 F.2d 1193, 1197 (11th Cir. 1991).  Weighing the factors, and considering the fact that both parties and all or most witnesses and evidence are located in the Eastern Division, leads to the conclusion that judicial administration and trial of this case will be more efficient if conducted there.  Accordingly, the Court concludes that transfer to the Eastern Division is more convenient and serves the  interests of justice.  Accordingly, it is

ORDERED that, pursuant to 28 U.S.C. § 1404(a), the motion to transfer venue (doc. 11) is GRANTED.

The Clerk of the Court is DIRECTED to take the necessary steps to effectuate the transfer of this case to the Eastern Division.

Done this 19th day of April, 2021.

_____/s/Emily C. Marks_____
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE